864 F.2d 150
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
VALCOM CORPORATION, Appellant,
v.
VALMONT INDUSTRIES, INC. and Valcom, Inc., Appellee.
 No. 88-1295.
 United States Court of Appeals, Federal Circuit.
 Nov. 25, 1988.
 
 Before BISSELL, ARCHER and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Valcom Corporation (Valcom) appeals the October 7, 1987 decision of the Trademark Trial and Appeal Board (Board) granting Valmont Industries, Inc. and Valcom, Inc.'s (collectively, Valmont's) motion for summary judgment because of the decision, affirmed on appeal,* of the U.S. District Court for the Eastern District of Virginia of no likelihood of confusion between the two trademarks. Because the Board concluded that Valcom was precluded by collateral estoppel from relitigating the issue of likelihood of confusion and, therefore, that Valcom had no standing in the Board proceeding, the Board granted Valmont summary judgment. Valcom's request for reconsideration was denied. We affirm.
 
 OPINION
 
 2
 We adopt the facts as set forth in the Board's opinion, noting that Valcom was the party which moved to suspend the Board's proceedings concerning likelihood of confusion within the meaning of Section 2(d) of the Lanham Act pending disposition of the civil suit in the U.S. District Court for the Eastern District of Virginia. Valcom appeals only that portion of the Board's decision dismissing Opposition No. 71,180.
 
 
 3
 Because it appears that the Board did not rely on any documents outside the pleadings when it granted Valmont summary judgment, the motion for summary judgment, although it is based on collateral estoppel, "is in the nature of a motion to dismiss [for lack of standing] and we treat it as such." Jewelers Vigilance Committee, Inc. v. Ullenberg Corp., 823 F.2d 490, 492, 2 USPQ2d 2021, 2023 (Fed.Cir.1987).
 
 
 4
 In order to have standing in an opposition trademark case, the plaintiff must have a real interest in the proceeding. Universal Oil Products Co. v. Rexall Drug and Chemical Co., 463 F.2d 1122, 1124, 174 USPQ 458, 459 (CCPA 1972). While the plaintiff need allege only a belief of damage resulting from the applicant's registration to establish standing, this belief must have some reasonable basis in fact. Id.
 
 
 5
 When this court analyzes the preclusive effect of a judgment on subsequent litigation, we are guided by the Restatement (Second) of Judgments (1982). Young Engineers, Inc. v. United States International Trade Commission, 721 F.2d 1305, 1314, 219 USPQ 1142, 1150 (Fed.Cir.1983). The definition of collateral estoppel is particularly helpful. "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments Sec. 27 (1982). After the Court of Appeals for the Fourth Circuit affirmed the district court's determination that there was no likelihood of confusion, Valcom's assertion of damage before the Board could not have a reasonable basis in fact because collateral estoppel principles prevent relitigation of the issue of likelihood of confusion.
 
 
 6
 Accordingly, the Board did not err in granting summary judgment.
 
 
 
 *
 Valcom, Inc. v. Valcom, Inc., 820 F.2d 1220 (4th Cir.1987) (unpublished opinion)